IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN A. HALL, SR. | § | |
| VS. | § | CIVIL ACTION NO.   1:20-CV-152 |
| DEPUTY VIDRONE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff John A. Hall, Sr., a prisoner confined at the Jefferson County Correctional Facility, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Deputy Vidrone, Detective Matt Gardner, Deputy Jones, Deputy D. Prescott, and unidentified Defendants.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges the defendants conspired against him and denied him equal protection by failing to file criminal charges when Plaintiff reported individuals for criminal behavior. In January of 2018, Plaintiff attempted to file a police report for theft of services after he was not paid for work he had done for a customer. Plaintiff alleges he was told that the matter was civil in nature, not criminal, and that he would need to file a civil lawsuit. On July 3, 2018, Plaintiff attempted to file a police report against his neighbor for extortion, stalking, harassment, and theft. Plaintiff alleges the responding deputy told him that, except for theft, the offenses would be difficult to prove. On December 4, 2018, Plaintiff learned that two men were attempting to tow his recreational vehicle

while Plaintiff was at work. Plaintiff called the Jefferson County Sheriff's Department, but the responding deputy allegedly failed to write a report.

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

Plaintiff's claims regarding Defendants' failure to file criminal charges against alleged wrongdoers is not cognizable under § 1983 because there is no constitutionally-protected right to have someone prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Plaintiff attempts to frame his allegations as a violation of the Equal Protection Clause. To establish an equal protection claim, Plaintiff must demonstrate that he was treated differently than other similarly-situated individuals, and that the unequal treatment stemmed from a discriminatory purpose. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). In this case, Plaintiff has not shown that Defendants acted with a discriminatory purpose, that he is a member of an identifiable group, or that he was treated differently than other similarly-situated individuals. As a result, the equal protection claim is frivolous and does not state a claim upon which relief may be granted.

Plaintiff asserts the defendants conspired to violate his civil rights. "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Conclusory accusations of conspiracy do not state a claim under § 1983, unless Plaintiff supports his allegations with material facts. *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990). In this case, Plaintiff offers his subjective belief that the defendants conspired against him, but he failed to support his conclusory allegations of conspiracy with any material facts or to show that the defendants committed illegal acts. Aa a result, the conspiracy claim should be dismissed. *See Longoria v. Texas*, 473 F.3d 586 (5th Cir. 2006) (disregarding conspiracy claim because Plaintiff offered no evidence in support of his conclusory allegation).

## Recommendation

This action should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

    SIGNED this 19th day of July, 2023.

                                                Zack Hawthorn
                                                United States Magistrate Judge